Mark SWANEY *v.* Vincent B. TILFORD,
as President and Custodian of Records,
Arkansas Development Finance Authority

94-1323                                     898 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered May 30, 1995

*Robert C. Harder*, for appellant.

*Winston Bryant*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant, Mark Swaney, as a citizen of Arkansas, brought action in the Washington County Circuit Court against the Arkansas Development Finance Authority (ADFA) to compel production of the auditor's working papers prepared in connection with ADFA audits for the years 1985-1993, pursuant to the Arkansas Freedom of Information Act, Act 93 of 1967 (Act).

The ADFA had provided appellant with copies of the audits and other information specified in his FOI requests, but denied having actual or constructive possession of the requested auditor's working papers. The matter was submitted to the court on

stipulated facts and briefs of the parties. The court found the working papers of private auditors hired by the state are public records, but the Act does not require a state agency to obtain records from a private entity. Appellant appeals from the Order dismissing his complaint. We reverse.

On April 27, 1994 Swaney requested by fax that the ADFA provide him with audits for 1985-1993, auditor's working papers for the audits, and certain other information, by May 3, 1994. The ADFA responded by telephone on April 29, 1994 stating that the audits would be provided but that the auditing firm, Deloitte Touche, would not release its working papers without a subpoena.

On May 4, 1994 the agency also responded in writing, stating that it did not have access to the working papers and that the auditor considered the papers confidential and would release them only if subpoenaed. The parties also later stipulated that ADFA had requested the working papers from the Deloitte Touche firm and its request was refused.

Appellant's sole point on appeal is that the trial court erred in ruling that the ADFA is not obligated to obtain the working papers from Deloitte Touche. He relies on the legislative intent of FOIA § 25-19-102, that "public business be performed in an open and public manner," and it be possible for citizens "to learn and report fully the activities of their public officials."

This Court has held that the Act "was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved." *Laman* v. *McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968).

In *City of Fayetteville* v. *Edmark*, 304 Ark. 179, 801 S.W.2d 275 (1990), access was sought to legal memoranda and work product generated by a lawsuit involving the city of Fayetteville. The city had hired a private law firm with public funds, and resisted the FOI request on the grounds that the documents were not "public records" as contemplated by the Act, and that the records were not in the city's possession, but were in the custody of the private law firm. We found the documents were public records and that possession of documents subject to disclosure under the act was not determinative, stating:

The specially retained attorneys were the *functional equivalent of the regular city attorney.* The City cannot avoid the FOIA requirements by substituting a private attorney for the city attorney. To condone such logic would arguably enable public officials to shield from disclosure sensitive or controversial material by hiring an outside attorney instead of using its regular city attorney. *The FOIA requirements cannot be circumvented by delegation of regular duties to one specifically retained to perform the same task as the regular employee or official.* (emphasis added).

The audits which are the subject of this appeal are mandated by statute. Ark. Code Ann. § 15-5-210, Annual Report, reads:

(a) On or before January 31 in each year the authority shall make an annual report of its activities for the proceeding calendar year to the Governor of the state and to the general Assembly.

(b) The report shall contain an audit of the preceding calendar year, prepared by a firm of nationally recognized certified public accountants.

By requiring the audits to be performed by a private auditing firm and not the state auditor, the state has elected to employ a private firm to perform a task normally carried out by state employees or officials, as the city did in *Edmark.* The audit working papers of the Legislative Joint Auditing Committee are considered public records subject to the Act. *Legislative Joint Auditing Comm.* v. *Woosley,* 291 Ark 89, 722 S.W.2d 581 (1987).

However, the question presented in this appeal is not answered by the holding in *Edmark.* The parties do not dispute that the private auditor's working papers are public records or that they are subject to public inspection under the Act, the very issues which were in contention in *Edmark.* Here the only issue is who is to be responsible for obtaining production of the records from Deloitte Touche, the public agency (ADFA), or the private individual seeking disclosure of the records.

The FOIA is silent with regard to the lengths an agency must go to provide access to public records not within its control. Ark. Code Ann. § 25-19-105 provides in part

(a) . . . all *public records* shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the *custodian of the records.*

. . .

(d) Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to any citizen.

(e) If a public record is in other use or storage and therefore not available at the time a citizen asks to examine it, *the custodian* shall certify this fact in writing to the applicant and set a day and hour within three (3) working days at which time the record will be available for the exercise of the right given by this chapter. (emphasis added).

It is undisputed that the ADFA is not in possession of the records requested by the appellant. However, the statute clearly provides that a citizen have reasonable access to public records. The term "custodian of the records" has not been defined by statute or case law in Arkansas. The trial court found that the private entity in this case was the custodian of the records and should therefore be subject to the Act.

Nevertheless, the legislative intent of the Act supports the proposition that the agency must provide reasonable access to the requesting citizen, where it is undisputed that the records requested are "public records" pursuant to the Act.

Appellee argues that it does not have constructive possession or administrative control over the files of Deloitte Touche, has in fact never seen the requested records, and that it cannot produce records it does not possess or have in its control. These factors are initially relevant to the determination of whether a document will be considered a public record, which was of course the predominate issue in *Edmark, supra.* Once that issue is conceded, the statutory scheme and the legislative intent of the Act mandates that the burden be placed on the appropriate state agency to make arrangements for *reasonable* access to the records in its office or the office of the private custodian. Appellee does not contend that it is otherwise not the appropriate governmental

entity to which the FOI request should have been directed, nor was that issue developed or argued below.

We hold that where the records in question are established as "public records" pursuant to Ark. Code Ann. § 25-19-103 (1) and not otherwise exempted from disclosure, the appropriate governmental agency, in this case the ADFA, shall have the responsibility to provide reasonable access for examination and copying of such public records which are in existence at the time of the request, as provided by Ark. Code Ann. § 25-19-105. This matter is reversed and remanded for further proceedings consistent with this opinion.