Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §25-19-101 et seq. (Repl. 1992 and Supp. 1995). Your question pertains to a FOIA request for "all information in the possession or under the control of the Arkansas Department of Corrections pertaining directly or indirectly to the policies and procedures of PHP Healthcare Corporation (PHP)." Letter from Robert Dunn to Arkansas Department of Correction (May 17, 1996). You note that PHC Healthcare Corporation ("PHC") is a private health care management organization with whom the Department of Correction ("ADC") has entered a professional services contract for the delivery of medical and dental services to inmates.
You state that the ADC "is not in the possession of nor does it require possession of policy and/or procedures which pertain directly or indirectly to the operation of PHP Healthcare Corporation." You state that "[t]his information is outside the scope of the ADC — PHP professional services contract."[1] You state further, however, that the ADC "does require PHP to establish and maintain a Policy and Procedure Manual ["Manual"] which will govern the day-to-day operation associated with delivery of medical and dental services to inmates." Your question thus pertains, specifically, to this Manual. You have apparently determined that the Manual is a public record under the FOIA. But you have questioned whether it is exempt from public inspection under the so-called competitive advantage exemption, contained in A.C.A. §25-19-105(b)(9)(A) (Supp. 1995.)[2]
I assume, as an initial matter, that the Manual is in fact a "public record" under the FOIA (A.C.A. § 25-19-103 (Repl. 1992)), and as such would be subject to inspection and copying absent an exemption. Seegenerally City of Fayetteville v. Edmark, supra at n. 1 (regarding the FOIA's applicability to records that are relevant to the task for which a private entity is hired, where the state seeks to conduct its affairs through such entity). See also Op. Att'y Gen. 96-185 (concluding, generally, that records which are relevant to the operation of state prisons by private companies constitute public records under the FOIA).
With regard to application of the competitive advantage exemption, the determination of whether disclosure of the Manual would "give advantage to competitors or bidders" (§ 25-19-105(b)(9)(A)) will depend upon the likelihood of substantial harm to the competitive position of PHP. Seegenerally Ops. 95-108 and 94-015. PHP bears the burden of proving eligibility for the exemption. See generally Gannet River StatesPublishing Co. v. Arkansas Industrial Development Comm'n, 303 Ark. 684,799 S.W.2d 543 (1990). Conclusory or generalized allegations in this regard will not suffice. See Op. Att'y Gen. 87-473. Thus, PHP's declaration that the material is proprietary will not be determinative. Rather, specific factual or evidentiary material must be presented showing actual competition and the likelihood of substantial competitive injury from disclosure. See Op. Att'y Gen. 91-390. Although the responsibility of review falls on the custodian of the records, the custodian must in turn rely upon information supplied by PHP.
The factual nature of the competitive advantage determination precludes resolution in the context of an Attorney General opinion. The recent Pulaski County Circuit Court decision in Dungan, et al. v. Johnson, etal., No. 95-9709 (Pulaski Co. Cir. Ct. 1st Div., April 11, 1996) may, however, offer some guidance. The plaintiffs sought access to the Practices and Procedures Manual of Correctional Medical Services ("CMS"), a private provider of healthcare services at the county jail. CMS was unsuccessful in its claim of competitive advantage in that case. The court held:
 It is not clear that the General Assembly imposes confidentiality surrounding a site specific manual of a private provider of healthcare services at a county jail, where the provider is paid with public funds, and where the manual is inspected by public officials to ascertain if it comports with and complies with national accrediting standards.
Letter from Judge Marion A. Humphrey to John B. Tull, Paul D. McNeill, and Stephen Cobb (March 13, 1996).
The court in its letter opinion stated that it did not believe CMS had established that it had a "`proprietary interest' in its Practices and Procedures Manual once it has been made `site specific.'" Id. The plaintiff's expert apparently testified that he had previously audited both CMS and PHP, and that there was no secrecy about policies and procedures and no competitive advantage to having CMS's manual disclosed.Id. at 2. The court also ruled that there was "neither copyright nor patent-right in CMS's manual, nor is the manual deemed a trade secret under state law." Id. And it refused to enforce a nondisclosure provision in CMS's contract. Id. at 3.
I do not know how factually similar Dungan is to the FOIA request in this instance involving PHP's Manual. The custodian of the record will have to make that determination. If the facts are essentially indistinguishable, it is my opinion that the custodian may reasonably rely upon Dungan in denying the exemption. As noted above, generalized allegations by the one claiming competitive harm will not suffice. Rather, a specific showing of the likelihood of substantial competitive injury will, in my opinion, be required under § 25-19-105(b)(9)(A).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It should perhaps be noted that in the context of private entities subject to the FOIA, records that are "relevant to [the] task" for which the private corporation is hired will be obtainable under the act. Cityof Fayetteville v. Edmark, 304 Ark. 179, 187, 801 S.W.2d 275 (1990), quoting J. Watkins, Access to Public Records Under the Arkansas Freedomof Information Act, 37 Ark. L. Rev. 741, 764 (1984). The fact that a record is neither in the possession nor the control of the public agency is not determinative. See Swaney v. Tilford, 320 Ark. 652, 898 S.W.2d 462
(1995) (holding that the appropriate governmental agency has the responsibility to provide reasonable access to public records that are not otherwise exempt, even though the records are not in its actual or constructive possession).
[2] This subsection exempts from disclosure "[f]iles which, if disclosed, would give advantage to competitors or bidders[.]"