The Honorable Wayne Dowd State Senator Post Office Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA). Your letter states that a school board in your district has adopted the following policy regarding access to public information:
 It is the policy of the __________ School District that requests for information be submitted to the superintendent's office in written form. The District will comply, if possible, to this written request for information within forty-eight (48) hours after receiving the request.
Specifically, you ask on behalf of a constituent whether the school board's policy is in violation of the Arkansas Freedom of Information Act. It is my opinion that the school board's standard forty-eight hour policy for complying with FOIA requests is contrary to the provisions of the FOIA. See Op. Att'y Gen. Nos. 94-225 and 82-122 (copies enclosed).
Initially, it should be noted that the FOIA does not require that entities subject to the act adopt procedural rules regarding access to public records. J. Watkins, The Arkansas Freedom of Information Act 158 (2nd ed. 1994). This office, however, has commented that under certain circumstances prudence dictates that governmental entities adopt a policy regarding FOIA requests. See Op. Att'y Gen. No. 90-095. Nevertheless, it is clear that agency rules and regulations may not in any fashion constrict rights granted by the FOIA. Watkins, supra; see also Op. Att'y Gen. Nos. 94-225 and 82-122.
Arkansas Code Annotated § 25-19-105 (Supp. 1995) provides in part:
 (a) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records. . . .
 (d) Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to any citizen.
 (e) If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available for the exercise of the right given by this chapter.
In Opinion No. 82-122 this office concluded that unless a file is in active use or storage, it should be available for inspection and copying at any time during the regular business hours of the custodian of that file. Consequently, this office opined that a school district's requirement of a forty-eight hour notice stating the specific records sought to be examined was contrary to the FOIA.
Similarly, in Opinion No. 94-225, this office opined that the FOIA contemplates that public records will be made available immediately upon request unless the records are in active use or storage. This office further concluded that while immediate access is contemplated by the FOIA, this requirement must be viewed in light of the particular circumstances surrounding each FOIA request. Id. The custodian of records should be afforded a "reasonable" amount of time in order to comply with a request; however, what is a reasonable amount of time can only be addressed on a case-by-case basis. Id. Consequently, we opined that if an agency adopted a standard policy of replying to all FOIA requests in three days, irrespective of whether the public records were in active use or storage, the policy would be contrary to the provisions of the FOIA.Id. In accordance, it is my opinion that a school board's standard policy of complying with FOIA requests within forty-eight hours is contrary to the provisions of the FOIA.
It should also be noted that the policy of requiring a written request may be contrary to the provisions of the FOIA. This office has commented that a citizen certainly may appear in person to make an FOIA request, Op. Att'y Gen. No. 92-289; however, the FOIA does not address whether an agency may require that such a request be made in writing. Professor Watkins has noted that "a written request is advisable even if it is delivered in person and immediate access is sought." Watkins, supra, at 160. The FOIA, however, does not require that a request be made in writing. Further, the Arkansas Supreme Court has stated that the FOIA is to be interpreted liberally in order to accomplish the purpose of promoting free access to public information. Johninson v. Stodola,316 Ark. 423, 872 S.W.2d 374 (1994). Consequently, it is my opinion that the additional requirement of a written request is probably contrary to the provisions of the FOIA.[1]
Finally, the FOIA refers to the "custodian of the records;" however, the term has not been defined by statute or case law in Arkansas. Swaney v.Tilford, 320 Ark. 652, 898 S.W.2d 462 (1995). Professor Watkins has commented that entities subject to the FOIA could ease problems regarding requests by adopting regulations that identify the particular person to whom FOIA requests should be made. Watkins, supra, at 159. It is my opinion that the school board may adopt a policy identifying the custodian of the school district's records.
In sum, it is my opinion that the school board's policy for complying with FOIA requests is contrary to the provisions of the FOIA and thus invalid.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It must be emphasized that an agency may require some reasonable identification of the records sought; however, the requester is not required to provide a specific description of the records or explain why she wants the records. Op. Att'y Gen. No. 92-289.