The Honorable Myra Jones State Representative 5201 Country Club Boulevard Little Rock, Arkansas 72207-4535
Dear Representative Jones:
This is in response to your request for an opinion concerning humane societies and the Arkansas Freedom of Information Act (FOIA), which is codified as A.C.A. §§ 25-19-101—107 (Repl. 1996 Supp. 1997). In your request, you have also referenced A.C.A. § 20-19-101, "Humane societies," which provides:
 (a) The General Assembly of the State of Arkansas finds and declares that humane societies for the prevention of cruelty to animals, organized under the laws of this state now or hereinafter in effect, are public organizations necessary to protect the health, safety, and general welfare of the citizenry of this state and are discharging a government function.
 (b) The General Assembly of the State of Arkansas finds and declares that the appropriation of public funds for the use of humane societies in the maintenance and operation of shelters for stray, diseased, neglected, and other animals and in the protection of the public from disease among such animals is a public use of the funds in the discharge of a government function.
In light of the foregoing statute, you have asked whether the "Humane Society" is subject to the provisions of the Freedom of Information Act. It is my opinion that the answer to this question will ultimately depend upon all of the facts and circumstances surrounding the particular humane society in question.
Section 25-19-102, the policy statement of the FOIA, states that "public business [shall] be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy." Op. Att'y Gen. 97-016. The Arkansas Supreme Court has concluded that the FOIA "was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved." Swaney v. Tilford, 320 Ark. 652, 898 S.W.2d 462 (1995). It is clear that all state and local governmental entities are subject to the FOIA, and the FOIA also applies to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. §25-19-103; see also A.C.A. § 25-19-106(a); Op. Att'y Gen. 97-016, 94-023, and 96-013.
Initially, it is my opinion that humane societies are in all likelihood not governmental entities. It is my understanding that you are referring to private corporations generally formed for the prevention of cruelty to animals. Although such organizations are admittedly a benefit to their respective communities, they are nonetheless private corporations. Seegenerally Halbert v. Helena-West Helena Industrial DevelopmentCorporation, 226 Ark. 620, 291 S.W.2d 802 (1956) (corporations formed pursuant to Act 404 of 1955 for purpose of industrial development in their respective communities are private corporations). Further, the conclusion that humane societies are in all likelihood not governmental entities is not altered by the General Assembly's declarations found in A.C.A. §20-19-101. Cf. Halbert, supra.
It has, however, been held that the FOIA applies to those private (i.e., nongovernmental) organizations that receive public funds and carry on public business or are otherwise intertwined with the activities of government. See City of Fayetteville v. Edmark, 304 Ark. 179,801 S.W.2d 275 (1990); see also Op. Att'y Gen. 96-116. The Arkansas Supreme Court noted that "When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself." Edmark,supra. In addition, it has been stated that the rule is as follows: "[T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies." John Watkins, Arkansas Freedom of Information Act 37 (2nd ed. 1994).
The threshold, and fundamental, question is whether the organization is "wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103; see also A.C.A. § 25-19-106(a). State and local funding satisfies the "receipt of public funds" requirement, as does federal funding. Op. Att'y Gen. 93-154 and 96-013. Further, the government's indirect subsidy of a private organization is not sufficient to make the private organization subject to the FOIA; rather, this part of the test is satisfied only if there is a direct transfer to the private organization of money belonging to the government. SebastianCounty Chapter of American Red Cross v. Weatherford, 311 Ark. 656,846 S.W.2d 641 (1993); Op. Att'y Gen. 96-116. The question of whether a particular private organization is in "receipt of public funds" must be determined on a case-by-case basis.[1]
Assuming the private organization is in "receipt of public funds," it is unclear just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. Op. Att'y Gen.96-013. It has been stated that "the most obvious case of such intertwining occurs when a private entity receives public funds for the general support of activities that are closely aligned with those of government." Watkins, supra. Again, the question of whether the activities of a particular private organization are "of public concern and intertwined with those of government" must be determined on a case-by-case basis. I have not been given any facts with regard to any particular humane society; however, the declarations of the General Assembly in A.C.A. § 20-19-101 support the conclusion that humane societies generally conduct activities that are of public concern and are intertwined with those of government.
In sum, if a particular humane society is wholly or partially supported by public funds, or expends public funds, and carries on a public business or is otherwise intertwined with the activities of government, it is my opinion that the society would be subject to the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Although you have stated in your request that the "Humane Society" does not receive or expend public funds, it is unclear if your question refers to a particular humane society or humane societies in general. The relevant general legal principles set forth in this opinion will offer guidance to any particular humane society in determining whether it is subject to the provisions of the FOIA.