Ms. Kamala R. Williams P.O. Box 1721 Benton, Arkansas 72018
Dear Ms. Williams:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records in the possession of the Office of the Governor or the Office of the Lieutenant Governor.
You indicate that you are a former employee of both the lieutenant governor's office and the governor's office. You recently made two requests for a full copy of your personnel file. In response to both requests, you received only a partial copy. The custodian of the records indicated that the remainder of your file was not available to you because it constituted "working papers," which are exempt from disclosure under the FOIA.
In light of this situation, you have presented four questions, which I have paraphrased as follows:
 (1) Are employees and former employees entitled to have a complete copy of their personnel files?
(2) If so, within what time frame must the files be provided?
 (3) If these records are currently in a "personal locked storage unit," is that sufficient cause for the custodian to refuse to provide them?
 (4) Are records that an employee is required to prepare, complete, and sign as a part of his or her departure from service properly classified as personnel records?
RESPONSE
Question 1 — Are employees and former employees entitled to have acomplete copy of their personnel files?
It is my opinion that employees and former employees[1] are entitled to have access to a complete copy of their personnel files, except for records that do not constitute personnel and evaluation records and that are otherwise exempt from disclosure.
The pertinent section of the FOIA states: "Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative." A.C.A. § 25-19-105(c)(2).
This provision plainly indicates that even if personnel records are otherwise exempt from disclosure under an exemption provision of the FOIA, they must nevertheless be made available to the subject of the records.
Thus, in your situation, even if the custodian of the records is correct in the assertion that part of your personnel file constitutes "working papers," which would be exempt from disclosure to other persons under A.C.A. § 25-19-105(b)(7), that part of the file (like the other parts of your personnel file) must be provided to you.
Question 2 — If so, within what time frame must the files be provided?
The FOIA clearly contemplates that any records that are subject to disclosure must be provided immediately, unless they are in active use or storage. This conclusion is based upon the language of 25-19-105(e), which states:
 If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available for the exercise of the right given by this chapter.
A.C.A. § 25-19-105(e).
The language of the above-quoted provision of the FOIA clearly appears to presume that when records are not in active use or storage, they are "available at the time a citizen asks to examine" them.
It should be noted, however, that while immediate access is contemplated by the FOIA, this requirement must be viewed in light of the particular circumstances surrounding each FOIA request. For example, in certain cases, it may be that a search for the requested documents will take some time (such as where a voluminous amount of records has been requested and yet the records are not considered to be "in storage" for purposes of25-19-105(e)) or that it is necessary for the custodian to review the records (perhaps in consultation with legal counsel) in order to determine if there is any exempt information contained therein which must be excised prior to disclosure. The custodian of the records should, under these and other similar circumstances, be afforded a reasonable time in order to comply with a FOIA request. This "reasonable" amount of time, however, may or may not equal a three-day interval, depending on the circumstances of the particular request, but should not exceed three working days. See Ops. Att'y Gen. Nos. 96-354; 94-225; 92-289.
On the basis of the foregoing, I conclude that the requested records that are subject to disclosure must be provided immediately unless they are in active use or storage, or within a reasonable time if the particular circumstances of the case would indicate that they cannot be provided "immediately." In any event, the records should be provided within three working days. See Watkins, The Arkansas Freedom of Information Act (m 
m Press, 1988) at 114; Op. Att'y Gen. No. 92-289.
Question 3 — If these records are currently in a "personal locked storageunit," is that sufficient cause for the custodian to refuse to providethem?
It is not clear exactly what you mean by the phrase "personal locked storage unit." Nevertheless, it is my opinion that the fact that records are currently in storage — whether in a unit located on state property or a unit that is not located on state property — is not a valid basis for the custodian's refusal to provide them.
The FOIA specifically addresses situations in which records are in storage, as follows:
 If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available for the exercise of the right given by this chapter.
A.C.A. § 25-19-105(e).
The unambiguous language of the above-quoted provision clearly indicates that if an otherwise disclosable record is in storage, it must nevertheless be provided, although the custodian is given three working days within which to provide it.
The particular location of the unit in which public records are stored is of no significance. Cf. Ops. Att'y Gen. Nos. 95-327, 88-110, and Swaneyv. Tilford, 320 Ark. 652, 898 S.W.2d 462 (1995) (holding that the appropriate governmental agency has the responsibility to provide reasonable access to public records that are not otherwise exempt, even though the records are not in its actual or constructive possession). The disclosure of these records will be governed by A.C.A. § 25-19-105(e) regardless of their location.
Question 4 — Are records that an employee is required to prepare,complete, and sign as a part of his or her departure from serviceproperly classified as personnel records?
I am unable to opine conclusively in response to this question, having not reviewed the record in question. Nevertheless, it is my opinion that if the described records pertain to the individual's employment, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some interpretive discussion of the issue that could be helpful in evaluating particular records. Professor Watkins notes that "virtually all records pertaining to individual employees, former employees, or job applicants are covered by [A.C.A. § 25-19-105(b)(10)." Watkins, supra, at 125. He goes on to give specific examples of the types of records that could constitute personnel records, suggesting that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). Id. at 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
Applying the above-discussed guidelines, I conclude that if the records that an employee is required to prepare, complete, and sign as a part of his or her departure from service pertain to the individual's employment, they probably constitute "personnel records."
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The "personnel records" provisions of the FOIA have been interpreted to apply to former employees as well as current employees.See, e.g., Ops. Att'y Gen. Nos. 95-131; 90-089; Watkins, The ArkansasFreedom of Information Act (m m Press, 1988) at 125.