The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116-5232
Dear Representative Vess:
This is in response to your request for an opinion on two questions concerning the "Arkansas Freedom of Information Act" or ("FOIA"). Specifically, you indicate that an alderman in the City of North Little Rock received a letter delivered to his personal address from a constituent. The letter was unsigned, but indicated the address that was the subject of the letter. The alderman sponsored legislation[1] to prohibit the activity about which the constituent complained. After the legislation was filed, a member of the press sought access to the letter under the FOIA. At all times the letter remained at the alderman's personal residence. You note that "in the spirit of the FOIA" the alderman gave a copy of the letter to the press. A question has arisen, however, as to whether the letter was in actuality subject to disclosure under the Act. You pose the following two questions in this regard:
 1. Is the letter in question subject to the Arkansas Freedom of Information Act?
 2. If said letter is subject to the Freedom of Information Act, what duties does [an] alderman have in maintaining such a letter? Under what circumstances can an alderman discard such a letter in the trash?
RESPONSE
It is my opinion, although I have not reviewed the actual letter in question, that the mere fact that it is maintained in the alderman's personal residence does not exempt it from disclosure under the FOIA. If the letter falls within the definition of "public records" under A.C.A. § 25-19-103(1) and is not otherwise exempt, it is subject to disclosure even though only maintained in the alderman's personal residence. In response to your second question, the FOIA is not a records retention statute, and does not address whether or how long records should be maintained by the custodians thereof. Other statutes or local ordinances may address this question as to various entities and records. The alderman may, depending upon any relevant local ordinances, be able to routinely discard such letters, but should be careful never to do so with the purpose of defeating public access. Penalties for such action can, depending upon the facts, include prosecution for felony "tampering with a public record."
Question 1 — Is the letter in question subject to the Arkansas Freedom ofInformation Act?
The definition of "public records" is found at A.C.A. § 25-19-103(1) and it provides as follows:
 (1) "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
It is clear that records received by public officials from third parties can be "public records" for purposes of the FOIA. SeeBryant v. Mars,309 Ark. 480, 830 S.W.2d 869 (1992) and Ops. Att'y Gen. 93-028; 92-156 and 90-248. See also John Watkins, The Arkansas Freedom of Information Act
(3rd ed., m m Press 1998) at 81. It appears, in the scenario you describe (although again, I have not been provided with the actual document) that the letter was written to the alderman seeking some official action. The letter would therefore in that sense reflect the performance or lack of performance of official functions which "are or should be carried out by a public official. . . ." The letter therefore appears to fall within the first sentence of the definition above. The second sentence of the definition, which establishes a presumption of public record status for records maintained in public offices by public employees within the scope of their employment, does not alter this conclusion. The second sentence merely raises a presumption that records maintained in public offices by public employees are public records. This presumption can be rebutted if the records do not otherwise fall within the definition found in the first sentence. Moreover, this presumption certainly does not indicate that records maintained elsewhere than in public offices do not fall within that definition. See, e.g., Op. Att'y Gen. 98-223 (records in a "personal locked storage unit" are nonetheless open under the FOIA). Indeed, the Attorney General's Office has consistently opined that the location of public records does not determine their disclosability under the Act. See e.g., Ops. Att'y Gen.92-237; 91-323; and 91-100. This conclusion finds support in the precedents of the Arkansas Supreme Court. See, e.g., City of Fayettevillev. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990); and Swaney v. Tilford,320 Ark. 652, 898 S.W.2d 462 (1995).
In my opinion therefore, assuming the letter in question falls within the definition of "public records" and is not otherwise exempt, it is subject to inspection and copying under the FOIA. The mere fact that it is maintained in the alderman's private residence does not exempt it from the FOIA.
Question 2 — If said letter is subject to the Freedom of InformationAct, what duties does [an] alderman have in maintaining such a letter?Under what circumstances can an alderman discard such a letter in thetrash?
It should be noted in addressing this question that the FOIA governs access to public records and does not address the actual management, i.e., preservation, destruction or transfer of the records. See McMahanv. Board of Trustees of the University of Arkansas, 255 Ark. 108, 111,499 S.W.2d 56 (1973); and Ops. Att'y Gen. 97-030; 95-173; and 94-085. Other statutes or local ordinances, however, may impact the question as to particular records.
Unlike county records, municipal records have not been made the subject of any general records retention statute. Cf. A.C.A. §§ 13-4-301 to -308 (Repl. 1999) (governing retention and destruction of particular county records). In some cases, however, the retention and disposition of particular records is governed by specific statutory authority. See,e.g., A.C.A. § 14-59-114 (requiring maintenance of municipal accounting records). I have found no state statute, however, which requires the retention of letters received by aldermen from their constituents. Local ordinances may therefore need to be consulted to determine what, if any, obligations the alderman has in this regard.
As to the second part of your second question, any destruction of public records would need to be closely scrutinized. Certainly, an agency or custodian cannot destroy records in order to avoid disclosure under the FOIA. As stated in J. Watkins, The Arkansas Freedom of Information Act
(3rd ed., m m Press 1998), "an agency's destruction of records after receipt of a proper FOIA request covering those materials would obviously be a denial of access and, therefore, a violation of the statute." Id. at 14. In this regard A.C.A. § 25-19-104 (Repl. 1996) provides that anyone who "negligently violates" the FOIA shall be guilty of a misdemeanor. While imposition of the penalty when there was no pending FOIA request would be less certain, it has been stated that the "utmost caution" should be exercised when destroying public records. See Op. Att'y Gen. No. 95-261. See also generally Depoyster v. Cole, 298 Ark. 203,766 S.W.2d 606 (1989).
There is also a provision in the Arkansas Criminal Code, A.C.A. §5-54-121 (Supp. 1999), which makes "tampering with a public record" a class D felony in most cases. This offense includes removal or destruction of a public record. It provides in pertinent part that:
 (a) A person commits the offense of tampering with a public record if, with the purpose of impairing the verity, legibility, or availability of a public record, he knowingly:
(1) Makes a false entry in or falsely alters any public record; or
 (2) Erases, obliterates, removes, destroys, or conceals a public record.
It has been suggested that the best course of action in the preservation of public records is for the agency, political subdivision, or individual custodian to adopt policies governing record retention and destruction.See, e.g., Op. Att'y Gen. 94-085. If established policies in this regard are followed, there is less chance of any problematic occurrences.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Your letter does not indicate whether the alderman somehow sponsored a state law, or whether a city ordinance is the "legislation" to which you refer.