The Honorable Jon Woods State Representative Post Office Box 8082 Springdale, Arkansas 72766-8082
Dear Representative Woods:
I am writing in response to your request for an opinion on whether certain e-mails transmitted over private e-mail accounts are subject to the Freedom of Information Act (FOIA), which is contained at A.C.A.§ 25-19-101 to-109 (Repl. 2002 Supp. 2007). Specifically, you indicate "[t]here has been some concern about public officials using private corporate e-mail accounts to do public business on a regular basis." As the background for your two questions, you ask me to assume "that both the public official and the public business would be subject to the [FOIA]." You ask:
 1. Does a corporation have a responsibility to archive and retrieve e-mails that are being used by the public official on a private corporate e-mail account?
 2. Are there any prohibitions against public officials be [sic] using private corporate e-mail to do public business?
RESPONSE
Before directly addressing your questions, I must set out the assumptions I have made and address the "concern" you mention. In responding to your questions I have made two assumptions. First, when you ask me to assume that "both the public official and the public business would be subject to the [FOIA]," I assume you mean that the e-mail constitutes a public record and no exceptions apply to preclude disclosure. Thus, my responses are predicated on the assumption that an *Page 2 
appropriate fact finder has evaluated the contents of the e-mails and determined that they meet the FOIA's definition of a "public record."[1] Second, I am assuming that the "private corporation"itself is not subject to the FOIA. To be the proper subject of a FOIA request, a private entity must be partially or wholly supported by public funds and be intertwined with government activities.[2] You have not given any facts to support either element.
I must also address the "concern" you mention. I assume the reason for the "concern" about public officials using private e-mail accounts to transmit e-mails that constitute public records (per your assumption) is the belief that, by doing so, the public officials might be subverting or violating the FOIA. According to the Arkansas Court of Appeals, this is not the case. Bradford v. Director, 83 Ark. App. 332, 128 S.W.3d 20
(2003). Bradford makes clear that simply using a private e-mail account does not transform a public record into a non-public record. The "concern" might also be based on the belief that even though the e-mail maintains its status as a public record, the public will not be able to access it. For the reasons explained below, this concern is unfounded, in my opinion.
Turning to your first question, I must separately address its two distinct questions. The first distinct question is whether the private company has any special obligation to archive the e-mails that are public records. The FOIA does not impose any such requirement. The second distinct question is whether the private company must "retrieve" e-mails, presumably in response to a FOIA request directed to the corporation. In my opinion, the answer is "no" because, as per the above assumption, the corporation is not itself subject to the FOIA. It is my opinion, as discussed further below, that the e-mails will nevertheless be accessible to citizens under the FOIA, although the procedure to access them is not entirely clear. The answer to your second question is "no," in my opinion. I have found no such prohibitions in state law. *Page 3 
 Question 1: Does a corporation have a responsibility to archive andretrieve emails that are being used by the public official on a privatecorporate e-mail account?
Your first question contains two distinct questions. Your first discrete question is whether the private corporation must "archive . . . e-mails that are being used by the public official on a private corporate e-mail account." In my opinion, the answer is "no." The FOIA is not a records-storage statute. Op. Att'y Gen. 2000-220. It does not contain any additional requirements regarding whether or how long to archive public records. McMahan v. Board of Trustees of University ofArkansas, 255 Ark. 108, 111, 499 S.W.2d 56, 58 (1973) ("The Freedom of Information Act does not itself provide that any particular records shall be kept; it only provides that records which are required by some statute (other than the Freedom of Information Act) to be made and kept, shall be open to public inspection.").
Your second discrete question asks whether the corporation must "retrieve e-mails," presumably in response to a FOIA request. In my opinion, the answer depends on whether the private corporation meets the test for whether the FOIA applies to a private entity. Per my assumption, the private corporation is not itself subject to the FOIA, which means that the private corporation is not required to respond to a FOIA request directed to it.
If the e-mails constitute "public records" under the FOIA, and the corporation is not required to produce them in response to a FOIA request directed to the corporation, a question might arise about how to obtain them. While it is clear that there must be a procedure to obtain the records, the details of that procedure are unclear under the FOIA because the Arkansas Supreme Court has not squarely addressed the situation you posit. In my opinion, there must be a procedure to obtain these e-mails because, otherwise, the FOIA would be subverted, which is something the Arkansas Supreme Court has repeatedly made clear it will not permit.[3] If no procedural mechanism exists to obtain admittedly public records, then a citizen's substantive right to obtain the records is effectively destroyed. *Page 4 
If presented with your question, a court would have to determine the appropriate procedure by reference to the FOIA and several analogous (but all slightly different) Arkansas cases.[4] One of the key issues any court would have to determine is whether the public official who generated (or received) the e-mail is the proper recipient of the FOIA request. The FOIA requires citizens to direct their records requests to the "custodian." A.C.A. § 25-19-105(a). A "custodian" is someone "having administrative control o f" the record requested. A.C.A. § 25-19-103(1)(A). Thus, the public official who generated (or received) the e-mail is a proper recipient of the FOIA request if he or she can be characterized as "having administrative control" of the e-mail.
The difficulty a court will encounter is that the phrase "administrative control" is not further defined. While the details of the definition are unclear, it is clear that Arkansas courts will not sanction subversion of the FOIA. If no custodian exists who is able to obtain these public records in response to a FOIA request, the FOIA's purposes would be subverted. Of the three players involved — th e corporation, the public official, and the public organization for whom the official works — the official seems to be the entity best characterized as having "administrative control." Because the corporation is not itself subject to the act (per the above assumption) it cannot be the proper recipient of the FOIA request. As between the public organization and the public official, the official is the one most likely characterized as having actual possession of the e-mails.[5] Thus, the official seems the most proper recipient of the FOIA request.
This conclusion is analogously supported by Fox v. Perroni,supra note 4, which seems to be the case closest to the facts you present. In Fox, a circuit court judge held an attorney in contempt for failing to appear on a trial date. The attorney maintained he was not able to attend because he had another trial at the same time in federal court. To investigate the attorney's claim, the circuit judge directed his law clerk to obtain copies of court documents in the federal case. The judge gave his clerk $20 in cash from the judge's wallet to pay for copies. But when the clerk *Page 5 
completed the copies, the total bill exceeded the judge's cash. The clerk then wrote a personal check to cover the outstanding balance for which the judge immediately reimbursed his clerk, in cash from the judge's wallet, when the clerk returned.
Later, a FOIA request was directed to the judge requesting "all documents which would evidence the source of the funds" used to pay for the federal court documents. When the judge did not provide copies of the documents, the requester sued. The circuit court held that the law clerk's personal check was a "public record." And the judge was the proper recipient of the FOIA request because he had administrative control of the check, even though the check was written on his clerk's personal bank account and held at the bank in its normal course of business.
The Arkansas Supreme Court affirmed, holding that the circuit judge was required to direct his clerk to obtain a copy of the check in response to the FOIA request. One of the reasons the Fox court gave for this portion of its decision seems directly applicable to the factual situation you posit. The court noted that if the judge had used public channels to pay for the copies, those records would have been subject to the FOIA. If the judge had made "a requisition for a payment voucher from Pulaski County's purchasing department" to pay for the documents, the "payment voucher would have been . . . obtainable under the FOIA."358 Ark. at 261. By using cash to purchase the copies, the judge "bypassed the county purchasing system." Id. Public officials cannot use a private means instead of a public means for conducting public business and then claim he or she is not the custodian: "Judge Fox (through his law clerk) may not substitute a private bank account for a public bank account and then claim he does not have possession of or control over the resulting public record." Id.
This reasoning seems to closely apply to the situation you posit. If the public official had transmitted the same information over a public e-mail account (and no exceptions applied), then obtaining the e-mail would be fairly straightforward. Instead, as in Fox, the public official "bypassed" the public medium for a private medium. A court would likely hold that the official "may not substitute" a private email account for a public e-mail account "and then claim he does not have possession of or control over the resulting public record." Accordingly, while the method to obtain the e-mail is not entirely clear, I believe a court would likely follow Fox to hold that the proper recipient of the FOIA request is the public official. *Page 6 
 Question 2: Are there any prohibitions against public officials be[sic] using private corporate e-mail to do public business?
No, the FOIA does not prohibit public officials from using private e-mail accounts to conduct public business. Bradford,83 Ark. App. at 345, 128 S.W.3d at 27-2 8 ("We find nothing in the Freedom of Information Act that specifies that the communications media by which the public's business is conducted are limited to publicly owned media communications."). Nor have I found any other such prohibition in state law.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] A public record is a record of a government employee's performance (or lack thereof) of an official function. A.C.A. § 25-19-103(5)(A) (Repl. 2002).
[2] Determining whether a private entity is subject to the FOIA requires a two-step analysis. First, the private entity must be wholly or partially supported by public funds or expending public funds. Second, the activities of the private entity must be sufficiently "intertwined" with the activities of government. City of Fayetteville v.Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990); Op. Att'y Gen. 2006-086; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, 47-55 (4th ed., m m Press 2004).
[3] See, e.g., Edmark, supra, note 2. In Edmark, a citizen sought documents prepared by a private law firm the city hired to represent the city in litigation. The city refused to disclose the documents, arguing, among other things, that it did not possess them. Id. at 186. The Arkansas Supreme Court refused to accept what it considered an avoidance of the FOIA requirements. Id. Specifically, the court indicated that it would not permit the city to subvert the FOIA by delegating duties to a non-public entity. Id. at 187.
[4] These analogous cases include: Edmark, supra, note 2; Swaney v.Tilford, 320 Ark. 652, 898 S.W.2d 462 (1995); Fox v. Perroni,358 Ark. 251, 188 S.W.3d 881 (2004);Nabholz Construction Corp. v. Contractors for Public Protection Assn.,371 Ark. 411, 266 S.W.3d 689 (2007).
[5] As noted above, the test for "administrative control" is unclear. According to Fox v. Perroni, actual possession is not necessary in order to have administrative control. See Fox, supra note 4. But when the request is directed to a public entity covered under the Act, actual possession may be sufficient for administrative control. *Page 1