Allen C. Meadors, Ph.D., FACHE President, University of Central Arkansas
201 Donaghey Avenue Conway, Arkansas 72035
Dear Dr. Meadors:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 — 109 (Repl. 2002 and Supp. 2009). You report that the Arkansas Democrat-Gazette ("ADG) made a request for certain personnel files and information concerning a University employee whose title has changed and whose salary has been reduced. You state that the employee was not suspended or terminated, and you further report:
 The University provided to the ADG a copy of the personnel action form which shows the employee's new job title and rate of pay. What was not provided was any documentation which the University believes constitutes "employee evaluation" or "job performance records." (And, we would note for purposes of this opinion request that in the case of the employee in question, no such evaluation or job performance records exist for the change in title and salary, only the "personnel action form" which has been provided to the ADG.)
You have asked the following specific questions in light of the above:
 1. If an employee is not "suspended or "terminated" by a public entity, does the public entity nevertheless have to disclose all employee evaluation and job performance records, when an FOIA request is made? *Page 2 
 2. If no such employee evaluation or job performance records exist for an employee who has had his/her title changed and salary reduced, does the FOIA require the public entity to:
 (a) provide an answer (whether oral or written) to a person making a request under the FOIA for the reasons for such change in title and/or salary?
 (b) create a document to provide to the person making the FOIA request with the reasons for the change in title and/or salary?
RESPONSE
In response to your first question, as stated many times by this office, suspension or termination is a threshold requirement for the release of "employee evaluation or job performance records" under the FOIA.[1] This follows from the statutory test for the release of such records:
Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only uponfinal administrative resolution of any suspension or terminationproceeding at which the records form a basis for the decisionto suspend or terminate the employee and if there is a compelling public interest in their disclosure.[2] *Page 3 
Depending upon the particular surrounding facts, an initial question may arise regarding the status of records as "employee evaluation or job performance records." The FOIA does not define this phrase, nor has the phrase been construed judicially. Although I cannot formulate an official definition for undefined statutory language, this office has for many years taken the position that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.[3] Formal, written employee evaluations are of course included.[4] Also included are internal investigation records that have been generated at the behest of the employee's supervisor in the course of investigating the employee's conduct:
 [D]ocuments created by or at the behest of supervisors such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records."[5]
It should be emphasized that to fall within this classification, the record must have been created for the purpose of evaluating the employee, according to the longstanding interpretation of subsection 25-19-105(c)(1) by this office.[6] As recognized by two leading commentators on the FOIA, the exemption promotes the candid assessment of employee performance:
 The exemption for evaluation record reflects the public interest in maintaining an effective public employee evaluation system as well *Page 4 
as the privacy interests of employees. Without an exemption for such records, supervisory personnel who perform the evaluation may not be candid in assessing employee performance. Also, routine disclosure of the records could undermine one important objective of the evaluation process — identification of weaknesses with an eye toward fostering improvement — by revealing an employee's deficiencies before he has an opportunity to correct them.[7]
With regard to your second question, if in fact no employee evaluation or job performance records exist, then clearly the FOIA does not require the custodian to provide information by either responding to questions or creating records.[8]
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] E.g., Op. Att'y Gen. 2008-078 (and opinions cited therein).
[2] A.C.A. § 25-19-105(c)(1) (Supp. 2009) (emphasis added).See also John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, 210 (m m Press, 5th ed. 2009) ("These requirements, which must all be met before evaluation and job performance records may be disclosed, are designed to ensure that such records are not released prematurely and that disclosure will be made only when they are relevant to employee performance sufficiently deficient to merit suspension or termination." (Footnotes to Attorney General Opinions omitted).
The "subdivision (b)(12)" referenced in subsection 25-19-105(c)(1) is A.C.A. § 25-19-105(b)12), which provides: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter: . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy[.]"
[3] E.g., Op. Att'y Gen. 2009-146 (and opinions cited therein).
[4] Id.
[5] See, e.g., Op. Att'y Gen. 2008-135 (and opinions cited therein).
[6] E.g., Op. Att'y Gen. Nos. 2006-038 and 2004-012. Thus, documents that merely document a job action, without stating the reasons for the action, are not job performance or evaluation records. See, e.g., Op. Att'y Gen. 2006-225 (regarding a notice of personnel action). Such documents are generally "personnel records" and subject to release under A.C.A. § 25-19-105(b)(12), absent the inclusion of personal information, the release of which would constitute a "clearly unwarranted invasion of personal privacy." Id.
[7] THE ARKANSAS FREEDOM OF INFORMATION ACT,supra n. 2, at 204.
[8] Op. Att'y Gen. 99-399. See also THE ARKANSAS FREEDOM OF INFORMATION ACT, supra at 276 ("The FOIA pertains only to existing records and does not require an agency to `compile information or create a record in response to a request.'") (Citing Swaney v. Tilford,320 Ark. 652, 656, 898 S.W.2d 462 (1995) and A.C.A. § 25-19-105(d)(2)(C)).