The Honorable Linda Chesterfield State Representative 12 Keo Drive Little Rock, AR 72206-4218
Dear Representative Chesterfield:
I am writing in response to your request for an opinion regarding whether the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. § 25-19-101 to — 109 (Repl. 2002 Supp. 2007), applies to a private contractor hired by a school district to bus students. Specifically, you ask whether the FOIA applies to Laidlaw Bus Company, a private entity, after the Little Rock School District contracted with it to provide busing for students in its district.
RESPONSE
Private entities are subject to the FOIA only if (1) they are "wholly or partially supported by" public funds, and (2) their activities are intertwined with government. City of Fayetteville v. Edmark,304 Ark. 179, 801 S.W.2d 275 (1990); e.g. Ops. Att'y Gen. 96-287, 96-185; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, 47-55 (4th ed., m m Press 2004). Because I assume the Little Rock School District used public funds to pay Laidlaw, the first element is met.[1] The second element appears met, in my opinion, because Laidlaw is acting as the functional equivalent of the District. *Page 2 
Therefore, Laidlaw is subject to the FOIA, in my opinion, at least in connection with its contract to provide busing for students in the District.[2]
General test
The Arkansas Supreme Court has established that the FOIA sometimes applies to private entities.[3] The Arkansas Supreme Court has reasoned that the FOIA applies to private entities because of language in three areas of the FOIA: (i) the FOIA's express intent, which is to keep electors advised of "public business,"[4] (ii) the definition of "public meetings;"[5] and (iii) the definition of "public records."[6] Determining whether a private entity is subject to the FOIA requires a two-step analysis. First, the private entity must be wholly or partially supported by public *Page 3 
funds or the expending of public funds. Second, the activities of the private entity must be sufficiently "intertwined" with the activities of government. Edmark, supra; e.g. Op. Att'y Gen. 2006-086; Watkins 
Peltz, supra, 47-55.
First Element — Public funds
While the FOIA does not define "public funds," the Arkansas Supreme Court has. Sebastian County Chapter of American Red Cross v.Weatherford, 311 Ark. 656, 659, 846 S.W.2d 641, 644 (1993) (citingBlack's Law Dictionary 6th ed. (1990)). The Weatherford court defined the phrase to mean: "[m]oneys belonging to government, or any department of it, in hands of public officials." Id. Public funds can originate from the federal, [7] state, [8] or local[9] levels. An entity does not satisfy this element merely because it receives an indirect benefit from the government such as a reduced rate for leasing land.[10] As I noted above, because I assume the District pays Laidlaw with public funds, element one is met.
Second Element — Intertwined with government
The only remaining issue is whether Laidlaw's services intertwine it with government. One way a private entity's activities intertwine it with government is when the entity acts as the functional equivalent of government such that the government is "conduct[ing] its affairs through private entities." See Edmark, supra, at 187 (citing John J. Watkins,Access to Public Records Under the Arkansas FOIA, 37 Ark. L.Rev. 741, 768 (1984)). *Page 4 
Professor Watkins, a leading commentator on the FOIA, sowed the seeds for the functional-equivalence test. He did so by analogizing Arkansas's FOIA to a result reached by a Florida court when analyzing Florida's FOIA: "[W]hen a county official hires a certified public accountant to conduct an audit of a county department instead of using public employees for that purpose, the CPA's records relevant to that task should be obtainable under the FOIA." Id. (quoting Watkins,supra, at 768-69 (footnote omitted)).
Six years after Professor Watkins argued for that analogy, theEdmark court adopted Professor Watkins's reasoning. In Edmark, a city hired two private law firms to assist the city in some complex legal issues. The city, which had a city attorney, paid the law firms over $400,000. When a newspaper requested the law firms' legal memoranda, the city refused. The city argued the memoranda were in the law firms' possession, which firms were not subject to the FOIA. The Arkansas Supreme Court rejected that argument, citing Professor Watkins's analogy as support. The court held that the law firms where the "functional equivalent of a regular city attorney" and a public agency cannot avoid the FOIA by delegating the agency's "regular duties" to a private contractor "specially retained to perform the same task." Id. at 186-87.
Here, as in Edmark and Professor Watkins's Florida example, the District hired a private entity to perform a task that would otherwise be conducted by the District subject to the rules in A.C.A. § 6-19-101
to — 123 (Repl. 1999 Supp. 2007). Thus, in my opinion, Laidlaw's activities intertwine it with government because Laidlaw is acting as the "functional equivalent" of the District with respect to busing the District's students. Therefore, Laidlaw's activities meet element two.
Conclusion
In conclusion, Laidlaw is subject to the FOIA, in my opinion, at least with respect to its contract to provide busing for students in the Little Rock School District.[11] See n. 2, supra. Laidlaw meets the first element — public funding — because I have assumed the District paid Laidlaw out of public funds. Further, Laidlaw's activities *Page 5 
satisfy element two — intertwining — because the company is acting as the functional equivalent of the District.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL, Attorney General
[1] If, for some reason, the District used nonpublic funds, then this element would not be met and Laidlaw would not be subject to the FOIA.
[2] When the FOIA applies to a private entity, questions can arise regarding the precise extent to which the act applies. As a general rule, a private entity that receives only partial support from government is only partially bound by FOIA requirements. Op. Att'y Gen.2007-227. That is, in some situations, a private entity may be subject to the FOIA only to the extent of requiring the openness of meetings and records that are "relevant to the task" of the public business that is carried out by the entity. Edmark, supra, at 186-87; Watkins Peltz,supra, at 57-59. Thus, if Laidlaw conducts business outside its dealings with the Little Rock School District, then those dealings must be re-analyzed to determine whether the FOIA also applies to them.
[3] A representative sampling of cases in which private entities have been subjected to the FOIA include: Kristen Inv. Properties, LLC v.Faulkner County Waterworks and Sewer Public Facilities Bd.,72 Ark. App. 37, 32 S.W.3d 60 (2000); Swaney v. Tilford, 320 Ark. 652,898 S.W.2d 462
(1995); City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275
(1990); Depoyster v. Cole, 298 Ark. 203, 766 S.W.2d 606 (1989) (overruled on other grounds by Harris v. City of Fort Smith,366 Ark. 277, 234 S.W.3d 875 (2006)); Rehab Hosp. Servs. Corp. v.Delta-Hills Health Sys. Agency, Inc., 285 Ark. 397,687 S.W.2d 840 (1985);Arkansas Gazette Co. v. Southern State College, 273 Ark. 248,620 S.W.2d 258 (1981); North Central Assn. of Colleges Schools v. TrouttBrothers, Inc., 261 Ark. 378, 548 S.W.2d 825 (1977).
[4] Arkansas Code Annotated § 25-19-102 (Repl. 2002) explains the legislature's intent:
 It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them or their representatives to learn and to report fully the activities of their public officials.
[5] Arkansas Code Annotated § 25-19-103(4) (Repl. 2002 Supp. 2007) defines "public meetings" as "meetings of . . . organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds. . . ."
[6] Arkansas Code Annotated § 25-19-103(5)(A) (Repl. 2002 Supp. 2007) defines "public records" as records kept by "any other agency wholly or partially supported by public funds or expending public funds."
[7] Rehab Hosp. Servs. Corp. v. Delta-Hills Health Sys. Agency,Inc., 285 Ark. 397, 687 S.W.2d 840 (1985); Op. Att'y Gen. 95-273.
[8] Arkansas Gazette Co. v. Southern State College, 273 Ark. 248,620 S.W.2d 258 (1981); Op. Att'y Gen. 95-128.
[9] City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275
(1990); Op. Att'y Gen. 96-290.
[10] Sebastian County Chapter of the American Red Cross v.Weatherford, 311 Ark. 656, 846 S.W.2d 641 (1993). InWeatherford, a local Red Cross chapter entered into a lease agreement with a city. The agreement permitted the chapter to, among other things, lease certain land for 30 years at $1 per year. All parties stipulated, and the circuit court found, that the property's fair-market rental-value was greater than $1 per year. Consequently, the circuit court held that the chapter was partially supported by public funds. But the Arkansas Supreme Court disagreed. It held that the lease agreement was an indirect benefit, which did not trigger the FOIA.Id.
[11] You should be aware of a recent Arkansas Supreme Court decision that deals with the issue of obtaining public records held by private entities, Nabholz Construction Corp. v. Contractors for PublicProtection Association, 371 Ark. 411, ___ S.W.3d ___ (Nov. 1, 2007). *Page 1