Mr. Charles L. Carpenter, Jr. Attorney at Law 406 West Pershing North Little Rock, Arkansas 72114
Dear Mr. Carpenter:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), [1] for my opinion on whether your decision to release records of an adverse action involving a firefighter under the Arkansas Freedom of Information Act ("FOIA"), is consistent with the provisions of that act. Specifically, the requester seeks access to records relating to the suspension of a firefighter in the Sherwood Fire Department. You state that in your view, "the action was final and probably could be released." You seek my review of this decision, and particularly the determination that there is a "compelling public interest" in the release of the records.
RESPONSE
Not having seen the actual records in question, or been apprised of any of the surrounding facts, I cannot come to a definitive determination as to the release or redaction of specific records. I can state as a general matter, however, that if any of the particular records at issue are disciplinary records that formed the basis for the final suspension and a compelling public interest exists, you are correct in determining that such records are available for public inspection. Regarding the existence of a "compelling public interest" in disclosure, I will note that firefighters undoubtedly constitute a category of public servant very similar to policemen in terms of their direct importance to the general public. Accordingly, *Page 2 
consistent with previous opinions of this office, I believe consideration must be given to the potential public impact of the misconduct at issue, regardless of the employee's rank within the Fire Department. It may also be helpful to note that I and my predecessors have previously stated on this general topic that a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. Thus, if the prior disciplinary records reflect a suspension based on this type of infraction involving the firefighter, a strong case for the finding of a compelling public interest likely exists. I should emphasize, however, that the question of whether a compelling public interest exists in the release of particular records is always a question of fact that must be determined in light of all the surrounding facts and circumstances.
DISCUSSION
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Given that the record(s) at issue are kept by the city fire department and the subject matter involves the suspension of a fire department employee, I believe the records(s) clearly qualify as "public records" under this definition. As one of my predecessors noted in Op. Att'y Gen.1999-305: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." See also Nabholz Construction Corp. v.Contractors for Public Protection Association, 371 Ark. 411, ___ S.W.3d ___ (Nov. 1, 2007); Arkansas Gazette Company v. Goodwin, 304 Ark. 204,
 *Page 3 801 S.W.2d 284 (1990); Legislative Joint Auditing Comm. v. Woosley,291 Ark. 89, 722 S.W.2d 581 (1987).
It appears from the limited information before me that the pertinent exemption in this instance is the one for "employee evaluation or job performance records." A.C.A. § 25-19-105(c)(1) (Supp. 2007).See Ark. Op. Att'y Gen. 2001-343 (observing that records reflecting disciplinary action taken for employee misconduct will generally constitute "employee evaluation or job performance records" under the FOIA.) See also Op. Att'y Gen. 2000-179 (and opinions cited therein.) The FOIA does not define the term "employee evaluation or job performance records, but this office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See,e.g., Op. Att'y Gen. Nos. 2006-035; 2005-030; 2004-211; 2003-073; 1998-006; 1997-222; 1995-351; 1994-306; 1993-055. To fall within this classification, the record must have been created for the purpose of evaluating the employee. See, e.g., Op. Att'y Gen. 2004-012.
Employee evaluation or job performance records are subject to release under the FOIA only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2007). Employee evaluation or job performance records cannot be released unless each prong of this test has been met. Op. Att'y Gen. 2008-065.[2] *Page 4 
You have referenced the fact of a prior suspension action, and there are apparently records relating to that action that formed a basis for the decision. The issue of whether requested records "formed a basis" for suspension is generally interpreted to mean that the records in question reflect or detail the incidents or conduct that led to the suspension. Op. Att'y Gen. Nos. 2002-158 and 2001-144. If that is the case, then this prong of the test has also been met. See, e.g., Op. Att'y Gen. 2008-049 (stating that "[t]o the extent the custodian has determined as a factual matter, that . . . documents `form[ed] a basis' for the suspension decision . . ., this prong of the above test has been met.")
You have also indicated that the action became final, which I take to mean that no appeals of this prior disciplinary action are pending. The remaining question under A.C.A. § 25-19-105(c)(1) that will determine whether the records should be released under that subsection is whether there is a "compelling public interest" in the disclosure of the records. The FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the subsection 25-19-105(c)(1) test. However, as noted in the enclosed Op. Att'y Gen. 2005-175
(involving a request for all the Little Rock Fire Department's disciplinary actions beginning January of 1995 through July of 2005), two leading commentators on the FOIA have provided some guidelines for making the factual determination whether such an interest exists.See J. Watkins R. Peltz, The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004). I will not restate these guidelines, but refer you instead to the enclosed previous Attorney General Opinion 2005-175
(and The Arkansas Freedom of Information Act) for a thorough discussion. When reviewing this material, please bear in mind that firefighters constitute a category of public servant very similar to policemen in terms of their direct importance to the general public. Accord Op. Att'y Gen. 2005-162 (opining that a police officer's rank might in certain instances be unrelated to the public interest in the disclosure of documents relating to his conduct, and observing that this same conclusion applies to firefighters.) Accordingly, in determining what documents to disclose, irrespective of an employee's rank within the Fire Department, I believe *Page 5 
consideration must be given in each case to the potential public impact of the misconduct at issue.
In sum, because I have not reviewed the records in question, I cannot determine whether there is a compelling public interest in their release. In any event, in the final analysis, this is a question of fact that must be determined by the custodian considering all of the relevant information. The above discussion, together with the enclosed opinion, should, however, offer sufficient general guidance in making the necessary determination.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] It is my duty under this statute to determine whether the custodian's decision as to the release of personnel or employee job performance/evaluation records is consistent with the FOIA.
[2] Although I do not know whether the records at issue include a letter notifying the firefighter of his suspension, I will note that this office has previously opined that letters of suspension and termination constitute "employee evaluation/job performance records" if they contain the reasons for the suspension or termination.E.g., Op. Att'y Gen. 2001-276 (and opinions cited therein). If, however, such a letter does no more than reflect the fact of suspension (or termination), without elaboration, in my opinion it is properly classified as a "personnel record" under A.C.A. § 25-19-105(b)(12) and is subject to release under the separate test for release of that category of records. See, e.g., Op. Att'y Gen. 2006-147. Under subsection 25-19-105(b)(12), "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." In the event the request at hand involves personnel records, as distinguished from evaluation or job performance records, I refer you to Op. Att'y Gen. 2008-064 for a general discussion of A.C.A. § 25-19-105(b)(12). *Page 1