The Honorable Will Feland Prosecuting Attorney Twenty-Third Judicial District
301 N. Center, Suite 301 Lonoke, Arkansas 72086
Dear Mr. Feland:
I am writing in response to your request for an opinion on the following question concerning the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2009):
 Do emails from a school board member addressed to the school superintendent and copied on at least one other board member fall under the disclosure requirements of FOIA?
RESPONSE
Although you have provided no additional information concerning the e-mails, I assume from the fact that they were directed from one school official to another (or others) that they relate in some way to school matters so as to constitute a record of official functions. With this assumption in mind, the answer to your question is "yes," in my opinion, unless a specific exemption prevents their disclosure.
It has been stated that for a record to be subject to the FOIA and available to the public, it must be: (1) possessed by an entity covered by the FOIA, (2) fall within the FOIA's definition of a public record, and (3) not be exempted by the FOIA or other statutes. Nabholz Construction Corp. v. Contractors forPublic Protection Assn.,371 Ark. 411, 416, 266 S.W.3d 689 (2007) (citing Legislative JointAuditing *Page 2 Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987); Op. Att'y Gen. 2007-290.
School board members and a superintendent, as school officials, are certainly entities covered by the act. Cf. Op. Att'y Gen. 2007-290 (citing Nabholz and noting that "[t]he mayor, as a government official, is an "entity covered by the act.") Accordingly, the question of whether the e-mails at issue are open to inspection and copying under the FOIA will depend upon whether they fall within the definition of a "public record" under the FOIA, and upon whether any pertinent exemption shields them from disclosure.
The definition of "public records" is found at A.C.A. § 25-19-105(5)(A) (Supp. 2009):
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
Given that the e-mails in question are kept by school officials and the subject matter presumably involves school business, I believe they clearly qualify as a "public records" under this definition.Accord Op. Att'y Gen. 2000-096 (e-mail would be a "public record" under the FOIA, assuming that it constituted a record of the performance or lack of performance of official functions); Bradford v. Director,83 Ark. App. 332, 128 S.W.3d 20 (2003) (regarding e-mails transmitted between a state employee and the Governor that involved the public's business);[1] Op. Att'y Gen. 2003-048 (same). Seealso Op. Att'y Gen. 2008-095 (noting the presumption under A.C.A. § 25-19-103(5)(A) that all records kept by public employees within the scope of their employment are "public records," and *Page 3 
referring the custodian to Pulaski County v. ArkansasDemocrat Gazette Inc., 370 Ark. 435, 260 S.W.3d 718 (2007) andPulaski County v. Arkansas Democrat-Gazette, Inc.,371 Ark. 217, 264 S.W.3d 465 (2007), on the issue of rebutting the presumption with evidence that the records do not "reflect the performance or lack of performance of official functions.")
As I have previously explained, quoting one of my predecessors:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law.
Op. Att'y Gen. 2008-055, quoting Op. Att'y Gen. No. 1999-305.
You have presented no information suggesting that the e-mails in question are subject to any exemption under the FOIA or any other law. In my opinion, the emails constitute "public records" under the FOIA. As such, they are subject to disclosure absent facts, of which I have not been made aware, requiring nondisclosure on the grounds of an exemption.[2]
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The court in Bradford pronounced that it was irrelevant for purposes of the FOIA whether the e-mails were transmitted to private e-mail addresses through private internet providers, or sent to an official government e-mail address. 83 Ark. App. at 345.
[2] I have approached your question solely from the standpoint of the FOIA open records requirement, consistent with the general view of e-mail as being analogous to written correspondence. See
Op. Att'y Gen. 2005-166 (and opinions cited therein). It should perhaps be noted, however, that an exchange of email can conceivably implicate the FOIA's open meeting requirements, found at A.C.A. § 25-19-106 (Repl. 2009). See, e.g., Op. Att'y Gen. 2008-055 (noting the possibility that e-mail exchanges to, from, or between members of a "governing body" and/or administrators of a school district could constitute a "meeting" for purposes of the open meetings requirements of the FOIA.) I refer you to the full text of Opinion 2008-055, and the opinions cited therein, for the reasoning and authorities supporting the conclusion that a violation of the FOIA's open meeting requirement could occur under circumstances involving e-mail communications.
 *Page 1