Mr. Brent D. Houston Benton City Attorney Jensen Young Houston, PLLC 1230 Ferguson Drive Post Office Box 1500 Benton, Arkansas 72018
Dear Mr. Houston
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105 (c)(3)(B)(i) (Supp. 2009) on behalf of the City of Benton, for my opinion concerning the release of certain employment-related documents under the Arkansas Freedom of Information Act (FOIA), A.C.A. § 25-19-101 — 109 (Repl. 2002 and Supp. 2009).[1] The records pertain to the civil service examination of a current city employee. You state that the City of Benton has a civil service commission for its police and fire department employees. You have provided background information and the records, which you have numbered 1 through 18, together with the custodian's decision regarding each record. You have further noted with regard to records containing the employee's score that the city intends to redact the employee's name and score from any such records which the city otherwise intends to release.
RESPONSE
As noted, my duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employment-related records is consistent with the FOIA. In the present case, the custodian has *Page 2 
determined that the requested records are subject to the FOIA's test for "personnel records." A.C.A. § 25-19-105(b)(12) (Supp. 2009). I agree that this is the applicable test with respect to most of the documents at issue. In my opinion, however, the custodian's decision regarding a number of the documents is inconsistent with the FOIA. With the possible exception of a portion of Document 3, which is discussed further below, each of the records is, in my opinion, subject to release under the applicable test for "personnel records," after redacting the employee's score.
DISCUSSION
For a record to be subject to the FOIA and available to the public, it must be: (1) possessed by an entity covered by the act, (2) fall within the act's definition of a public record, and (3) not be exempted by the act or other statutes. NabholzConstruction Corp. v. Contractors for Public Protection Assn.,371 Ark. 411, 416, 266 S.W.3d 689 (2007), citing Legislative JointAuditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987). The first two elements appear met in this case. The request was directed to the City of Benton, which plainly is subject to the act; and the documents clearly constitute "public records," which the FOIA defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009).
Accordingly, the inquiry focuses on the third element. As one of my predecessor aptly noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. *Page 3 
Att'y Gen. 1999-305. See also Arkansas Gazette Company v.Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); Legislative JointAuditing Comm., supra.
It appears that the pertinent exemption in this instance is the one for "personnel records." Under the provisions of the FOIA, "personnel records" are subject to inspection and photocopying except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (2009). Neither the FOIA nor the judiciary has defined the term "personnel records," but this office has consistently taken the position that "personnel records" are any records other than employee evaluation or job performance records that relate to an individual employee.[2] E.g., Op. Att'y Gen. Nos. 2006-111; 2006-038; 2006-035; 2004-178; 2003-336; 2003-055; 2002-085; 2001-154; 99-147.
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase and adopted a balancing test:
 The fact that section 25-19-105(b)(10) [changed to A.C.A. § 25-19-105(b)(12) by Act 1653 of 2001] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . .
Young v. Rice, 308 Ark. 593, 598, 826 S.W.2d 252 (1992).
The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private.Id. at 593. The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest.Young, 308 Ark. at 598. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the *Page 4 
privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id. The Arkansas Supreme Court has indicated that the public interest is measured by "the extent to which disclosure of the information sought would `shed light on an agency's performance of its statutory duties' or otherwise let citizens know `what their government is up to.'" Stilley v.McBride, 332 Ark. 306, 312, 965 S.W.2d 125 (1998), citingDepartment of Defense v. FLRA, 510 U.S. 487, 497 (1994)). If the public interest in this regard is substantial, it will usually outweigh any privacy interest. Young, supra. However, as the court noted in Stilley, supra, when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." 332 Ark. at 312, citingFLRA, supra.
Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Id. at 313. Additionally, the fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis.See Op. Att'y Gen. Nos. 1994-198, 94-178 and 93-055; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 183 (m m Press, 4th ed., 2004) (noting further that the Arkansas Supreme Court "has made plain . . . that the public's interest in access to the records must be balanced against the employee's privacy interest, with the scale tipped in favor of public access.")
After reviewing the records at issue, I have concluded based on the foregoing that with the possible exception of the attachments to the letter included within Document 3 and the employee's scores on the examination, each of the records is open to disclosure under the applicable balancing test for personnel records.[3] In *Page 5 Young, the Arkansas Supreme Court held that it was appropriate not to release records reflecting specific employees' performance on assessment examinations, because the information contained in these records could subject the employees to embarrassment and possibly threaten their future employment, thus resulting in a clearly unwarranted invasion of the employees' personal privacy. Consistent with Young and previous opinions of this office,see, e.g., Op. Att'y Gen. Nos. 2003-015, 2001-172 and 2000-119, I believe the individual employee's specific test scores are shielded and should be redacted from the documents. The public's interest in this instance in knowing that the employee possesses the requisite qualifications is satisfied by knowing how he performed in terms of passing or failing. Accord Op. Att'y Gen. Nos. 2000-119 and 1993-079.
In my opinion, however, the records relevant to the examination process involving this high ranking official give rise to a substantial public interest that cannot be satisfied without the records' release. In my opinion, the public has a substantial interest in scrutinizing the decision-making process and knowing the manner in which the promotion decision was made, an interest that was emphasized in Young, supra. See
Watkins Peltz, supra at 185-86. With the exception of the employee's scores, none of the information contained in these records gives rise, in my view, to a privacy interest sufficient to outweigh the public's interest in the records. The public interest further extends, in my opinion, to knowing that this individual is competent and qualified to serve in the high-ranking office involved. Because this interest cannot be served by deleting the candidate's name, I conclude that the custodian's decision to redact the employee's name from the documents is contrary to the FOIA. The Arkansas Supreme Court has stated, moreover, that where the public's interest is substantial it will usually outweigh any individual privacy interest and disclosure will be favored. Young,332 Ark at 598.
In sum, the custodian's decision regarding a number of the documents at issue is inconsistent with the FOIA, in my opinion. With the possible exception of a *Page 6 
portion of Document 3, I believe each of the records is subject to release under the applicable test for "personnel records," after redacting the employee's score.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Subsection 25-19-105(c)(3)(B)(i) authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
[2] Employee evaluation and job performance records are subject to a separate test, found at A.C.A. § 25-19-105(c) (1) (Supp. 2009). None of the records at issue appear to fall into this category.
[3] With regard to the attachments to the letter under Document 3, consideration must be given to a separate potentially applicable exemption. Arkansas Code Annotated § 14-51-301(b)(2) (Supp. 2009) shields civil service "examinations" from disclosure. I have previously opined that this Code provision shields the testing materials in the case of a city with a civil service commission. Op. Att'y Gen. Nos. 2008-039 and 2007-242. If the release of these attachments would, in effect, reveal the examination, I believe the exemption under A.C.A. § 14-51-301(b)(2) will follow the documents and prevent their disclosure. Cf. Op. Att'y Gen. 2001-172 (opining that in certain situations "an exemption should be extended to a situation not expressly exempted under the language of the FOIA, for the purpose of avoiding the destruction of the exemption.") Not having seen the testing materials, I cannot definitively opine in this regard. Nor does this matter fall within the usual scope of a so-called "3-day" FOIA opinion. The custodian must ultimately make this determination, after analyzing all of the relevant documents. If it is determined that the attachments are not shielded by section 14-51-301(b)(2), then in my opinion these records are open to disclosure under the test for personnel records, with the exception of the noted scores.
 *Page 1