Lt. Terry Hastings Public Affairs Officer Little Rock Police Department
700 West Markham Little Rock, Arkansas 72201-1329
Dear Lt. Hastings:
I am writing in response to your request, made under A.C.A. § 25-19-105 (c)(3)(B) (Supp. 2009), for my opinion on whether your decision regarding the release of certain employment records is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 — 110 (Repl. 2002 and Supp. 2009). The person making the FOIA request seeks a copy of an internal affairs investigation file, including a videotape, involving two police officers who received disciplinary action in the form of a suspension. You have provided me with copies of the records that you intend to release, along with certain documents that you have determined are not releasable.
RESPONSE
It is my opinion that with one exception, your decision is consistent with the FOIA. The exception involves the employee who received no disciplinary action as a result of the investigation. As explained further below, the test for the release of employee evaluation records has not been met with respect to that employee. Accordingly, records of the investigation and evaluation of this third individual should be removed prior to public release of these documents. This may involve redacting this individual's name from certain of the documents. *Page 2 
DISCUSSION
For a record to be subject to the FOIA and available to the public, it must be: (1) possessed by an entity covered by the act, (2) fall within the act's definition of a public record, and (3) not be exempted by the act or other statutes. Nabholz Construction Corp. v. Contractors forPublic Protection Assn., 371 Ark. 411, 416, 266 S.W.3d 689 (2007), citing Legislative Joint Auditing Comm. v. Woosley,291 Ark. 89, 722 S.W.2d 581 (1987). The first two elements appear met in this case. The request was directed to the Little Rock Police Department, which plainly is subject to the act; and the documents clearly constitute "public records," which the FOIA defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009).
Accordingly, the inquiry focuses on the third element. As one of my predecessor aptly noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 1999-305. See also Arkansas Gazette Company v. Goodwin,304 Ark. 204, 801 S.W.2d 284, (1990); Legislative Joint AuditingComm., supra.
It appears that the pertinent exemption in this instance is the one for "employee evaluation or job performance records." A.C.A. § 25-19-105(c)(1). Most of the documents you have provided fall into this category.[1] The FOIA does not define *Page 3 
these terms, but this office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as evaluation or job performance records. E.g., Op. Att'y Gen. 2009-146 (and opinions cited therein). This includes internal investigation records that have been generated at the behest of the employee's supervisor in the course of investigating the employee's conduct. See Op. Att'y Gen. 2008-135 (and opinions cited therein). As stated in the latter Opinion: "[D]ocuments created by or at the behest of supervisors such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of `employee evaluations or job performance records.'" Transcriptions of interviews taken under such circumstances are also properly classified as "job performance records." Op. Att'y Gen. 2008-078.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2009).
All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065. In the case of the documents at issue, I assume with regard to the first prong that all administrative proceedings have been completed and the two suspensions are final. As to that portion of the test requiring that the records "formed a basis" for the decision to *Page 4 
suspend the two officers, this requires a factual determination; and I assume that you made the necessary factual decision. It also bears noting that this requirement is generally interpreted to mean that the records in question reflect or detail the incidents or conduct that led to the suspension or termination. E.g., Op. Att'y Gen. Nos. 2002-158 and 2001-144. My review of the records indicates that this prong of the test is met with respect to the records you intend to release.
The remaining question under subsection 25-19-105(c)(1) that will determine whether the records should be released is whether there is a "compelling public interest" in their disclosure. The FOIA at no point defines the phrase "compelling public interest," but two leading commentators on the FOIA have provided some guidelines for making the factual determination whether such an interest exists. John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (5th ed., Arkansas Law Press 2009). The authors state, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. at 215. They further observe: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . ."Id. at 214. The commentators point out, and I agree, that "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public[.]" Id. at 215. Additionally, the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 216 (remarking that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). However, and in my view particularly significant for purposes of the specific records at hand, Professors Watkins and Peltz note that "[i]n some cases . . . rank is unrelated to importance" — a proposition they illustrate by suggesting that "[t]he public has a great interest in the performance of police officers and other law enforcement officials, and in this case the `cop on the beat' is just as important as the chief of police."Id. at 217. Accord Op. Att'y Gen. 2005-162 (opining that a police officer's rank might in certain instances be unrelated to the public interest in the disclosure of documents relating to his conduct.)See also Op. Att'y Gen. 2005-175.
In determining what documents to disclose, therefore, I believe it is appropriate, and indeed perhaps necessary, to consider the potential public impact of the misconduct at issue, irrespective of an employee's rank within the Little Rock Police Department. In this regard, I note that the records at issue reflect that the *Page 5 
suspensions occurred as a result of the violation of rules aimed at conduct which manifestly could undermine the public trust and/or compromise public safety and the safety of other Department employees. Accordingly, it seems clear that the "compelling public interest" standard is met. Compare Op. Att'y Gen. 97-400. Because the other two conditions under § 25-19-105(c)(1) for release of the records have also been met, your decision to release the records as they pertain to the two suspended officers is in my opinion consistent with the FOIA.
Several final points must be mentioned. As explained above, suspension or termination is a threshold requirement for the release of records under subsection 25-19-105(c)(1). Some of the records at issue constitute job performance records of a third employee who was included in the investigation, but who was not suspended or terminated as a result of the investigation. The release of the records as they pertain to that employee would appear to be contrary to A.C.A. § 25-19-105(c)(1). Accordingly, the records of the investigation and evaluation of this individual should be removed prior to public release of the other documents. Consistent with previous opinions of this office, this may require deleting the individual's name, based on subsection 25-19-105(c)(1), prior to releasing the investigation records. See Op. Att'y Gen. Nos. 2008-049 and 2008-044.
Finally, regarding the videotape that has been requested, it seems clear from the other records' various references to the video that it meets the FOIA's definition of a "public record." That is, it appears to be "a record of the performance or lack of performance of official functions which are or should be carried out by [Department officials or employees]." A.C.A. § 25-19-103(5)(A). As for its disclosure, while I have no reason to question your determination that it is subject to public release, I must note that I lack sufficient information to definitively comment on the legal basis for that decision. The proper classification of the videotape is necessary to determine the applicable test for its release.[2] This office has previously observed with respect to a videotape in an internal affairs file that the circumstances giving rise to the creation of the videotape will be relevant in determining how to classify this record. See Op. Att'y Gen. Nos. 2007-313 and 2006-150. This will involve factual considerations, the question being whether the video is an "employee evaluation or job performance record, a "personnel *Page 6 
record,"[3] or simply a "public record" not subject to either of these two exemptions. See Op. 2007-313. You have concluded that the video is subject to disclosure, but you have not classified the record. I lack sufficient facts to definitively critique your decision regarding the video, and instead refer you to Opinion 2007-313 for the relevant analysis.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Some of the records do not constitute "employee evaluation or job performance records" and are subject to no applicable exemption. For example, some of the records consist of copies of city policies. These documents are not evaluation or job performance records, but instead are simple "public records" that are subject to no exemption. See
Op. Att'y Gen. 2008-049. Additionally, as explained further herein, the proper classification of the videotape raises factual questions that are outside the scope of this opinion.
[2] I assume that no law enforcement investigation is pending so as to possibly trigger the applicability of A.C.A. § 25-19-105(b)(6), which exempts "undisclosed investigations by law enforcement agencies of suspected criminal activity." This exemption has been construed as applying while the investigation is still "ongoing." Martin v.Musteen, 303 Ark. 656, 799 S.W.2d 540 (1990).
[3] Personnel records are disclosable except to the extent their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009).