Cite as 2022 Ark. 17

# SUPREME COURT OF ARKANSAS

No. CV-21-183

| | |
|---|---|
| ARKANSAS STATE POLICE; BILL BRYANT, IN HIS OFFICIAL CAPACITY AS DIRECTOR, AND AS AN INDIVIDUAL; AND KELLI LAPORTE, IN HER OFFICIAL CAPACITY AS ATTORNEY FOR THE ARKANSAS DEPARTMENT OF PUBLIC SAFETY / ARKANSAS STATE POLICE, AND AS AN INDIVIDUAL<br><br>APPELLANTS<br><br>V.<br><br>RUSSELL R. RACOP<br><br>APPELLEE | Opinion Delivered: February 3, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-1674]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br>REVERSED AND DISMISSED. |

**ROBIN F. WYNNE, Associate Justice**

The Arkansas State Police; Bill Bryant, Director, in his official and individual capacities; and Kelli LaPorte, attorney for the Arkansas Department of Public Safety / Arkansas State Police, in her official and individual capacities (collectively, ASP or ASP Defendants), appeal from an order of the Pulaski County Circuit Court in favor of appellee Russell R. Racop in his appeal from a denial of rights under the Arkansas Freedom of Information Act (FOIA), Arkansas Code Annotated sections 25-19-101 et seq. (Repl. 2014 & Supp. 2021). For their sole point on appeal, ASP Defendants argue that the trial court erred when it found that the documents Racop requested were not exempt from FOIA under

Arkansas Code Annotated section 25-19-105(b)(10). We reverse the trial court's order and dismiss.

On February 21, 2020, Racop sent an email request for public records pursuant to FOIA to ASP. Specifically, Racop requested:

> Photographs for all un[i]formed, plain clothed, non-undercover Arkansas State Troopers hired since I made a similar request on June 11, 2019.

That same day, ASP denied the request, citing an Arkansas Attorney General opinion.

After his request was denied, Racop filed a complaint in Pulaski County Circuit Court, which was styled "Appeal from Denial of Rights Under the Arkansas Freedom of Information Act."[1] ASP responded asserting that the requested photographs were exempt from FOIA pursuant to Arkansas Code Annotated section 25-19-105(b)(10)(A).

On April 6, 2021, the trial court held a hearing. After hearing the parties' arguments, the court ruled from the bench in favor of Racop. On April 8, the court entered an order finding that "[Racop]'s request does not fall within the exemption set forth in Arkansas Code Annotated § 25-19-105(b)(10)." The court ordered ASP to release the requested records within ten days from the date of the order. ASP filed a timely notice of appeal and a motion for stay of judgment pending appeal. The trial court denied the motion. ASP Defendants then sought and received a stay from this court.

---

[1]In addition to the photographs, ASP had also denied Racop's request for the nonexempt portion of the personnel file of defendant Kelli LaPorte. At the hearing, however, Racop informed the court that the issue was moot because that information had been provided to him.

On appeal, ASP argues that the trial court erred when it found that the documents Racop requested were not exempt from FOIA under Arkansas Code Annotated section 25-19-105(b)(10). This court liberally interprets FOIA to accomplish its laudable purpose that public business be performed in an open and public manner. *Hopkins v. City of Brinkley*, 2014 Ark. 139, 432 S.W.3d 609 (citing *Thomas v. Hall*, 2012 Ark. 66, at 4, 399 S.W.3d 387, 390). Furthermore, this court broadly construes FOIA in favor of disclosure. *See id.* Arkansas Code Annotated section 25-19-105(a)(1)(A) (Supp. 2021) provides that "[e]xcept as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying, including without limitation copying through image capture, including still and moving photography and video and digital recording, by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." Subdivision (a)(2)(A) provides that "[a] citizen may make a request to the custodian to inspect, copy, . . . or receive copies of public records." Ark. Code Ann. § 25-19-105(a)(2)(A). The request may be made, among other ways, by electronic mail. *See* Ark. Code Ann. § 25-19-105(a)(2)(B).

As relevant here, the General Assembly has provided that:

[i]t is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
. . . .
(10)(A) The identities of law enforcement officers currently working undercover with their agencies and identified in the Arkansas Minimum Standards Office as undercover officers.

Ark. Code Ann. § 25-19-105(b)(10)(A). Exemptions from FOIA are to be narrowly construed in favor of openness. *See Bryant v. Mars*, 309 Ark. 480, 484, 830 S.W.2d 869, 871 (1992). Whether certain records should be exempt from FOIA is a public-policy decision that must be made by the General Assembly and not the courts. *Hopkins v. City of Brinkley*, 2014 Ark. 139, at 12, 432 S.W.3d 609, 617.

We have held that for a record to be subject to FOIA and available to the public, it must be (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes. *Nabholz Constr. Corp. v. Contractors for Pub. Prot. Ass'n*, 371 Ark. 411, 416, 266 S.W.3d 689, 692 (2007). The parties in this case do not dispute that the requested records are public records possessed by an entity covered by FOIA; thus, the focus of this appeal is whether the requested records are exempt under Arkansas Code Annotated section 25-19-105(b)(10)(A) because they would reveal the identities of law enforcement officers currently working undercover. In other words, we are tasked with determining whether the exemption applies to Racop's request.

In plain and unambiguous language, the General Assembly carved out a specific exception to the disclosure rule for those records that would reveal the identities of law enforcement officers currently working undercover. ASP asserts that the language in subdivision (b)(10)(A) is broad enough to exempt from release any public record that would reveal the identity of an undercover law enforcement officer. Finally, ASP relies on nonbinding authority from an opinion by the Arkansas Attorney General, which supports ASP's position that the photographs are exempt from release:

I will note that this office has long opined that the photographs of police officers are personnel records and that photographs of undercover police officers are exempt from disclosure (e.g. Opinion No. 96-005). Further, if a department currently employs undercover officers, certain kinds of FOIA requests may render it practically impossible to refrain from effectively identifying the department's undercover officers. For example, if a FOIA request seeks the photographs of officers on a specific list, and the custodian releases only the non-undercover officers' photos, then the requester can determine that the officer whose photograph was not released is undercover. That procedure would violate -105(b)(10) because it effectively discloses the "identity" of the undercover officer. In my opinion, the more reasonable approach is as follows: When a law enforcement agency employs officers who fall within -105(b)(l0), the agency should not disclose the photographs of any of its officers.

Op. Ark. Atty. Gen. No. 011, at 4 (2014).

Racop responds that the trial court correctly concluded that section 25-19-105(b)(10) did not exempt the requested photographs from disclosure under FOIA because the FOIA standards, outlined above, favor disclosure; ASP Defendants routinely post the same photos of troopers on social media that they claim are exempt in this case; and applying the exemption as ASP argues would "swallow the public records rule." None of these arguments are persuasive. This court must apply the language of the exemption to the undisputed facts, and what ASP posts on social media is not determinative.

We agree with the rationale of Atty. Gen. Op. No. 011 and hold that the request for photographs of all uniformed, plain clothed, non-undercover Arkansas State Troopers hired since Racop made a similar request in 2019 is exempt from disclosure under Arkansas Code Annotated section 25-19-105(b)(10)(A). Clearly, comparing information already available to the public, from sources like the Arkansas Transparency website—which provides names,

5

service dates, salaries, race, gender, and other identifying information of State employees, including state troopers—with a list of non-undercover troopers would reveal the identities of the undercover officers. This is because knowing who is *not undercover* would reveal that the officers whose photographs were not released *are undercover*. Accordingly, the trial court erred in ordering disclosure under FOIA, and the order is therefore reversed and the case dismissed.

Reversed and dismissed.

WOMACK and WEBB, JJ., concur.

*Leslie Rutledge*, Att'y Gen., by: *William C. Bird III*, Sr. Ass't Att'y Gen., for appellant.

*Russell R. Racop*, pro se appellee.